UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT HARRISON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL G. WHEAT, ASSISTANT US ATTORNEY,<br><br>　　　　　　　　　　　Defendant. | Case No.: 17-cv-2404-AJB-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br>**(Doc. No. 25)** |

Before the Court is David Scott Harrison's motion for reconsideration of the Court's previous order granting Defendant's dismissal motion. (Doc. No. 25.) Because Harrison merely reiterates his arguments in opposition to the dismissal motion, and presents no extraordinary or compelling reasons to overturn the Court's previous ruling, the Court **DENIES** his motion for reconsideration.

## I. BACKGROUND

The following background is taken from the Court's March 1, 2018 Order:

Harrison, a pro se litigant, brought this suit against Wheat. (Doc. No. 1-2.) On February 10, 2015, Harrison sent a "syrupy-sweet" letter to U.S. District Court Judge, Larry A. Burns, as well as Wheat. (*Id.* at 6.) Exercising his right to free speech, Harrison petitioned the government for redress of his grievances, namely the illegitimacy of his 1988-'89 federal convictions. (*Id.*) The letter

did not contain any threatening language nor an intent to commit violence or criminal harm. (*Id.*) Wheat describes this letter as arguing "that the Supreme Court's *Jones* decision rendered his conviction null and void." (Doc. No. 13-1 at 3.)

On March 10, 2015, Wheat sent Harrison a "retaliatory" letter in response. (*Id.* at 7.) Harrison suggests that Wheat's letter threatened retaliatory actions by reporting him to all "appropriate investigative agencies" for the purpose of "monitor[ing Harrison's] activities." (*Id.*) Harrison claims that this retaliatory language encased him in a "thick coat of ice" and left him fearful of being transferred to a more restrictive facility. (*Id.*) He contends that Wheat's retaliation against him served no reasonable or legitimate penological or government interest. (*Id.* at 8.)

(Doc. No. 22 at 1–2.)

## II. LEGAL STANDARDS

The district court should not grant a reconsideration motion unless (1) there is newly discovered evidence, (2) it committed clear error or the decision was manifestly unjust, or (3) there was an intervening change in controlling law. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted); *see also Global View Ltd. Venture Capital v. Great Cent. Basin Exploration, LLC*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995))). Rule 60(b)(6) allows relief from a final judgment or order for "any other reason that justifies relief."

## III. DISCUSSION

The arguments Harrison raises are not new. He reiterates his arguments in opposition to Wheat's dismissal motion, including his argument that Harrison's letter threatened

future prosecution. (Doc. No. 25 at 6–7.) Harrison also argues that the Court "did not address The Constitutional Issue . . . presented by Plaintiff, nor address the problem that no alternative-*Bivens* remedy exists . . . to remedy the injury complained of, and did not acknowledge the Court's duty to the Constitution to provide such remedy." (*Id.* at 8.)

To Harrison's first argument, the Court inadvertently wrote that Harrison was engaging in "threatening further criminal prosecutions. . . ." (Doc. No. 22 at 7.) However, the Court agreed with Wheat's argument and found that he was not threatening further prosecutions. (*Id.*) Otherwise, Wheat is correct that Harrison "does not present any new evidence or a change in the law. . ." to warrant reconsideration on this issue. (Doc. No. 27 at 3.) Regarding Harrison's second argument, he claims the Court failed to address his constitutional issue or address the lack of an alternative *Bivens* remedy. (Doc. No. 25 at 8.) However, the Court found there was no constitutional violation warranting a *Bivens* remedy because Harrison's case was markedly distinguishable from those cases the Ninth Circuit had previously granted a *Bivens* remedy to. (Doc. No. 22 at 4–6.) Thus, no alternative remedy was necessary. Moreover, the Court found Harrison enjoyed prosecutorial immunity.

The rest of Harrison's complaints revolve around his sheer disagreement with this Court's findings. For example, he disagrees with the Court's finding that he extended the life of his litigation through continued filings and letters, however, does not show that this finding was done in clear error or was manifestly unjust. (Doc. No. 25 at 9.) Similarly, he also disagrees with the Court's finding that his letter to Wheat was connected to his "1988-'89 prosecutions and convictions." (*Id.*) However, again, Harrison repeats his original arguments in opposition and does not show the Court's findings were manifestly unjust or made in clear error. Harrison also clarifies that his case is a *Bivens* action and not a § 1983 action, however, that argument is similarly irrelevant because the Court found prosecutorial immunity applied. (*Id.* at 10.)

## V. CONCLUSION

In sum, Harrison fails to introduce any newly discovered evidence, prove clear error,

3

or show there was a change in controlling law. Harrison also failed to show any other extraordinary reasons justifying relief. Thus, his motion for reconsideration is **DENIED**. (Doc. No. 25.)

      **IT IS SO ORDERED**.

Dated: July 3, 2018

                                      Hon. Anthony J. Battaglia
                                      United States District Judge